IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case Nos.:   4:07cr38/RH/GRJ
                                                                    4:14cv224/RH/GRJ
TERRANCE BOYKIN

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C.  § 2255, and supporting memorandum of law.

(Doc. 151.)  Defendant did not file his motion on the court-approved form for use in

section 2255 cases in accordance with Local Rule 5.1(J) for the Northern District of

Florida.  However, Rule 4(b) of the Rules Governing Section 2255 Proceedings

provides in part that "[i]f it plainly appears from the face of the motion and any attached

exhibits and the record of prior proceedings that the moving party is not entitled to relief,

the judge must dismiss the motion and direct the clerk to notify the moving party."

After a review of Defendant's submission and the record, the Court concludes  that

amendment would be futile because Defendant's motion is untimely and should be

summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant was sentenced to a term of 322 months imprisonment on December

6, 2007 after pleading guilty to controlled substance and firearm offenses. (Docs.

47–49, 71.)  Judgment was entered on December 15, 2007. (Doc. 72.)  Defendant

appealed his sentence, and the Eleventh Circuit affirmed. (Doc. 100.)  The court

reduced his sentence on June 23, 2012 to a term of 240 month imprisonment (Docs.

105–107), and denied Defendant's motion for a sentence reduction under Amendment

750 and the Fair sentencing Act in January of 2013. (Docs. 108, 109. 112.)  The instant

motion to vacate was filed pursuant to the prison mailbox rule[1] on May 2, 2014. (Doc.

114 at 16.)  Defendant raises a single ground for relief in his narrative motion.  He

contends that his sentence must be vacated because he is "actually innocent" of the

application of the Armed Career Criminal enhancement due to the Supreme Court's

decision in Descamps v. United States, 133 S.Ct. 2276 (2013).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of

motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United
> States is removed, if the petitioner was prevented from making a motion
> by such governmental action;
> (3) the date on which the right asserted was initially recognized by the
> Supreme Court, if that right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule");  Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

28 U.S.C. § 2255.  Defendant's sentence was affirmed on appeal on January 27, 2009.

(Doc. 100.)  Defendant did not file a petition for certiorari with the United States

Supreme Court, and as such his judgment of conviction became final on the date on

which his time for filing such a petition expired (i.e., ninety days after the entry of the

court of appeals' judgment).[2]  Clay v. United States, 537 U.S. 522, 525 (2003);

Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002); Hill v. United States,

444 F. App'x 419 (11th Cir. 2011).  Because Defendant's judgment of conviction

became final on April 27, 2009, to have been timely filed, his § 2255 motion had to be

filed no later than April 27, 2010.  His motion is thus facially untimely.

Defendant claims that his motion is timely filed pursuant to 28 U.S.C. §

2255(f)(3) because it was filed within one year of the Supreme Court's June 20, 2013

decision in Descamps v. United States, 133 S.Ct. 1924 (2013), and that he is "actually

innocent" of the career offender enhancement that was applied in his case.[3]  The

Descamps decision, however, may not be applied in Defendant's case.

_____

[2] The issuance of the mandate, on February 25, 2009 (see doc. 100), has no bearing on when the time expires for filing a petition for certiorari.  Clay v. United States, 537 U.S. 522, 525 (2008).

[3]In Descamps, the defendant was convicted of possession of a firearm by a convicted felon and sentenced under the ACCA, based in part upon his prior burglary conviction under California law.  Descamps involved application of the "residual clause" of the ACCA, § 924(e)(2)(B)(ii), which defines "violent felony" as "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  The California burglary statute did not include an element of the generic crime of burglary in that it did not require that a burglar "enter or remain unlawfully in a building."  The Supreme Court held that federal sentencing courts may not apply the "modified categorical approach," which permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to sentencing under ACCA's "residual clause" when the state crime of which the defendant was convicted has a single, indivisible set of elements (meaning, the statute did not contain alternative elements). 133 S.Ct. at 2281–82.

The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001).  The Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review, nor has the Court found any cases applying Descamps retroactively to cases on collateral review, although many cases have held to the contrary.  See, e.g., Valencia-Mazariegos v. United States, Case No. A-09-CR-228-SS, 2014 WL 1767706 at *3 (W.D. Tex. May 1, 2014) (noting that no cases have found Descamps to be retroactively applicable on collateral review); Harr v. United States, Case No. 14-cv-1152, 2014 WL 1674085 at *3 (C.D. Ill. 2014) (Descamps did not announce a new rule of law but merely clarified existing law and thus did not apply retroactively on collateral review); United States v. Hastings, Case No. 11-25(1)(RHK/FLN), 2014 WL 1584482 at *7 (D. Minn. Apr. 21, 2014) (noting the Supreme Court has not held Descamps to be retroactively applicable on collateral review and the court was unaware of any other federal court applying Descamps to a case that became final on direct appeal before Descamps was decided);  Hoskins v. Coakley, Case No. 4:13 CV 1632, 2014 WL 245095 at *5 (N.D.Ohio, Jan. 22, 2014) ("there is no suggestion that the Supreme Court intended Descamps to be applied retroactively to cases which already became final after appeals"); Randolph v. United States, Case No. CCB–13–1227, 2013 WL 5960881, at *1 (D. Md. Nov.6, 2013) ("The Supreme Court has not, however, indicated that Descamps applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); Roscoe v. United States, No. 2:11–CR–37–JHH–RRA, 2013 WL 5636686, at

*11 (N.D. Ala. Oct.16, 2013) (noting the Supreme Court has not made Descamps

retroactively applicable on collateral review); Strickland v. English, No.

5:13–CV–248–RS–EMT, 2013 WL 4502302, at *8 (N.D. Fla. Aug.22, 2013) (finding

Descamps was not retroactive and thus did not "open the § 2241 portal" to review

claims under the savings clause).  Thus, Descamps is not retroactively applicable on

collateral review and it does not excuse the untimeliness of Defendant's motion.

Unless Defendant establishes his entitlement to equitable tolling, his motion is

time barred.  Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins

v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)).   Equitable tolling is

appropriate when a § 2255 motion is untimely because of "extraordinary circumstances

that are both beyond [the defendant's] control and unavoidable even with diligence."

Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of

Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269,

1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the

burden of establishing two elements: (1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way."  Lawrence v. Florida,

549 U.S. 327, 336 (2007) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100

(11th Cir. 2012).  It only applies in "truly extraordinary circumstances."  Johnson, 340

F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286).  The onus is

on the moving defendant to show that he is entitled to this extraordinary relief.

Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040.  The court will not relieve a

petitioner who has sat upon his rights.  United States v. Cicero, 214 F.3d 199, 203 (D.C.

Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)).  There is

nothing in the instant motion to suggest that Defendant intended to, or is entitled to,

invoke the doctrine of equitable tolling.  Defendant's attempt to rely on Descamps as a

basis for relief fails, and his motion should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of

a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000)

(explaining how to satisfy this showing) (citation omitted).  Therefore, it is also

recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order,

the court may direct the parties to submit arguments on whether a certificate should

issue."  If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to

this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.      The motion to vacate, set aside, or correct sentence (Doc. 114) should be

summarily **DENIED and DISMISSED** as untimely.

Case Nos.: 4:07cr38/RH/GRJ; 4:14cv224/RH/GRJ

2.      A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 12th  day of May 2014.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).