IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO.  4:07cr38-RH/GRJ
           4:14cv224-RH/GRJ

TERRANCE BOYKIN,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Terrance Boykin has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction.  He claims that he was improperly treated as a career offender under the United States Sentencing Guidelines Manual.  The claim is plainly wrong.

A career offender must have two prior convictions of a violent crime or drug-trafficking offense.  Mr. Boykin had prior convictions of resisting arrest with violence and possessing cocaine with intent to distribute it.  These are qualifying prior convictions.

The § 2255 motion is before the court on the magistrate judge's report and recommendation, ECF No. 116, and the objections, ECF No. 117. I have reviewed *de novo* the issues raised by the objections.

The report and recommendation correctly concludes that the § 2255 motion was filed after expiration of the one-year statute of limitations. Mr. Boykin's conviction became final in 2009 when it was affirmed by the Eleventh Circuit and the time expired for filing a petition for a writ of certiorari. Mr. Boykin filed the § 2255 motion in 2014, long after the deadline.

In arguing that the motion is timely, Mr. Boykin asserts that a new one-year period opened with the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). *Descamps* dealt with a burglary conviction and would not help Mr. Boykin, even if the case could be applied on the merits. And even more clearly, *Descamps* does not render Mr. Boykin's motion timely. A new one-year period opens only for a motion based on a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). *Descamps* has not been made retroactively to cases on collateral review.

In sum, Mr. Boykin's § 2255 motion is both untimely and unfounded on the merits.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability.  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

Mr. Boykin has not made the required showing.  This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

2. A certificate of appealability is DENIED.

SO ORDERED on May 31, 2014.

            s/Robert L. Hinkle
            United States District Judge

Cases No.  4:07cr38-RH/GRJ and 4:14cv224-RH/GRJ